IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MARIE POLKEY SCOTT, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 07-0580-CV-W-DGK |
| | ) | |
| WESTERN EXPRESS, INC., et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

This case arises from an incident where a semi-tractor trailer crossed the median of an interstate highway and collided with Plaintiffs' automobile. Pending before the Court is Defendant Western Express, Inc.'s Motion for Partial Summary Judgment (Doc. 165). The Court has reviewed Defendant's Suggestions in Support (Doc. 166), Plaintiffs' Suggestions in Opposition (Doc. 179), and Defendant's Reply (Doc. 182). For the following reasons the Motion is GRANTED IN PART.

### Summary Judgment Standard

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party who moves for summary judgment bears the burden of showing that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). When considering a motion for summary judgment, a court must scrutinize the evidence in the light most favorable to the nonmoving party and the

nonmoving party "must be given the benefit of all reasonable inferences." *Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp.*, 950 F.2d 566, 569 (8th Cir. 1991) (citation omitted).

To establish a genuine issue of fact sufficient to warrant trial, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing there is a genuine issue for trial. *Anderson*, 477 U.S. at 248. However, the nonmoving party "cannot create sham issues of fact in an effort to defeat summary judgment." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 402 (8th Cir. 1995) (citation omitted).

**Factual Background**

The Court finds the following relevant material facts are not genuinely at issue. Controverted facts,[1] immaterial facts to the resolution of the pending motion, and facts not properly supported by the record have been omitted.

On April 22, 2007, a 2007 Freightliner tractor owned and operated by Defendant Western Express, Inc. ("Express"), which was pulling a trailer owned by Transport International Pool, Inc., crossed the median of Interstate 40 in rural Quay County, New Mexico, and struck a car in which Plaintiffs Darrell Stark, Agnes Stark, and Marie Polkey Scott were riding, severely injuring them.[2] At the time of the accident Express employee Melaku Wolde ("Wolde") was driving and Express employee Dung Van Ngo ("Ngo"), Wolde's trainer, was a passenger. Both Wolde and Ngo were acting within the course and scope of their employment with Express.

Following the accident Wolde pled guilty to a charge of careless driving in New Mexico. Wolde is originally from Ethopia and during his guilty plea he used an interpreter. Ngo is

---

[1] Defendant's Statement of Uncontroverted Facts contains 96 facts, many of which are contested.
[2] Darrell Stark eventually died.

originally from Vietnam. The parties dispute Ngo and Wolde's English proficiency and their ability to communicate in English with others.

At the time of the accident Darrell Stark was a Nebraska resident. Agnes Stark was, and still is, a Nebraska resident. Marie Polkey Scott ("Scott") is a Missouri resident. Defendant Express is a Tennessee corporation with its principal place of business in Tennessee.

## Choice of Law

A federal court exercising its diversity jurisdiction applies the choice of law rules of the state where it sits. *Prudential Ins. Co. of Am. v. Kamrath*, 475 F.3d 920, 924 (8th Cir. 2007). In litigation involving personal injury torts Missouri follows section 145 of the Restatement (Second) of Conflict of Laws, which employs the "most significant relationship" approach. *Kennedy v. Dixon*, 439 S.W.2d 173, 184-85 (Mo. 1969); *Goede v. Aerojet General Corp.*, 143 S.W.3d 14, 24 (Mo. Ct. App. 2004). Under this approach the Court looks to the following to determine which state has the most significant relationship: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered. These contacts are to be evaluated according to their relative importance with respect to the particular issue." Restatement (Second) of Conflict of Laws § 145.

Plaintiffs argue, and Defendant does not dispute,[3] that New Mexico law should govern this dispute because New Mexico is both the place where the injury occurred and the place where the conduct occurred which allegedly caused the injury. The Court agrees and holds that New Mexico law should govern this dispute.

---

[3] Curiously, Defendant does not argue the choice of law issue. Although Defendant recognizes New Mexico law might apply, it more or less assumes that Missouri law will govern this dispute. *See* Sugg. In Supp. at n. 2.

**Discussion**

**A.     Negligent Entrustment**

In order to establish a claim for negligent entrustment of an automobile under New Mexico law the plaintiff must show "that the defendant entrusted his automobile to another whom the defendant knew or should have known was an incompetent driver, and whose incompetence caused the plaintiff's injuries."  *Hermosillo v. Leadingham*, 13 P.3d 79, 84 (N.M. Ct. App. 2000) (citations omitted).  Defendant argues that there was no evidence, such as prior citations or other accidents, to put it on notice that it should not have hired Wolde or Ngo.

Plaintiffs contend Defendant knew or should have known that Wolde was not sufficiently proficient in English to be adequately trained how to drive a tractor-trailer or to communicate with Ngo, and that there is evidence that language problems were a proximate cause of the accident.  Plaintiffs also argue that there is evidence that Express failed to determine whether Wolde was competent to drive a tractor-trailer before entrusting him with the responsibility of driving a tractor-trailer.

Viewing the record—which is filled with factual disputes—in the light most favorable to the Plaintiffs and giving Plaintiffs the benefit of all reasonable inferences, a jury may be able to find that Express knew or should have known that Wolde was an incompetent driver and/or that Ngo was an incompetent trainer.  Accordingly, the Court DENIES Express summary judgment on Plaintiffs' negligent entrustment claims.

**B.     Spoliation of Evidence**

Count Eleven of Plaintiffs' Second Amended Complaint alleges intentional spoliation of evidence, a recognized tort under New Mexico law.  *Torres v. El Paso Elec. Co.,* 987 P.2d 386, 401 (N.M. 1999).  The elements of this tort are:  "(1) the existence of a potential lawsuit; (2) the

defendant's knowledge of the potential lawsuit; (3) the destruction, mutilation, or significant alteration of potential evidence; (4) intent on the part of the defendant to disrupt or defeat the lawsuit; (5) a causal relationship between the act of spoliation and the inability to prove the lawsuit; and (6) damages." *Id.*

Although neither party has addressed the presence or absence of these elements in any systematic way, it appears there is no evidence on the record from which a reasonable juror could infer that the fifth element—a causal relationship between any alleged act of spoliation and an inability to prove the lawsuit—is satisfied. Although Plaintiffs have repeatedly alleged that Defendant destroyed evidence relating to the trailer's condition which would have allowed them to sue Transport International Pool, Inc., the owner of the trailer, there is no evidence on the record that would allow a jury to make such an inference. Consequently, the Court GRANTS Defendant summary judgment on count eleven, Plaintiffs' claim for spoliation of evidence.

## C.     Punitive Damages

Defendant argues that even if Plaintiffs establish at trial that Wolde caused the accident and Express is liable under a theory of respondeat superior, the facts of this case do not warrant the imposition of punitive damages. Plaintiffs argue that there have been numerous violations of state and federal law that warrant the imposition of punitive damages, and that Defendant was completely indifferent to Wolde's ability to safely operate a semi-tractor in foreseeable conditions.

Under New Mexico law an employer is liable for punitive damages only where the employer has in some way authorized, participated in, or ratified the acts of an employee whose acts "were wanton, oppressive, malicious, fraudulent or criminal in nature." *Samedan Oil Corp. v. Neeld*, 577 P.2d 1245, 1247 (1978). The rationale behind this rule is that punitive damages

should only be awarded against one who participated in the offense, thus an employer is liable only if it is guilty of the wrongful motives upon which the damages are based. *Duncan v. M.W. Henington*, 835 P.2d 816, 819 (1992).

Whether Express can be liable for punitive damages turns on exactly what the evidence will be at trial. Given the nature and extent of the material facts in dispute here, at this time the Court cannot say as a matter of law that Express cannot be liable for punitive damages. Accordingly, the Court DENIES Express summary judgment on the issue of punitive damages.

## Conclusion

For the reasons outlined above the Motion for Partial Summary Judgment (Doc. 165) is GRANTED IN PART. The Court DENIES Defendant summary judgment on Plaintiffs' negligent entrustment and punitive damages claims, and GRANTS Defendant summary judgment on count eleven, Plaintiffs' intentional spoliation of evidence claim.

**IT IS SO ORDERED**

Date:  April 21, 2009                     /s/ Greg Kays
                                          GREG KAYS, JUDGE
                                          UNITED STATES DISTRICT COURT